IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERON SERVANCE, | : |
| | : |
|     Petitioner | : |
| | : |
|   v. | :   CIVIL NO. 3:CV-15-235 |
| | : |
| C. MAIORANA, WARDEN, | :   (Judge Conaboy) |
| | : |
|     Respondent | : |

### MEMORANDUM

    Theron Servance, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The required filing fee has been paid. Named as Respondent is USP-Canaan Warden C. Maiorana.  Service of the petition and supporting statement of facts was ordered on April 6, 2015.

    Petitioner states that he was arrested in Jersey City, New Jersey on May 11, 2008 for possession of a handgun.  He was released on bail on June 4, 2008.  On August 29, 2008, Petitioner was arrested for a second time in East Orange New Jersey on drug and firearm related charges.  While incarcerated on those charges, a federal detainer was lodged against Servance on September 18, 2008 regarding the May 11, 2008 possession of a handgun charge.  Petitioner posted bail with respect to the East

1

Orange charges on February 13, 2009. However, due to the imposition of the detainer he remained in custody.

On February 7, 2011, Petitioner was sentenced in the United States District Court for the District of New Jersey to serve a ninety (90) month term of confinement. Petitioner indicates that his sentence was to be served concurrently with a three (3) year New Jersey state sentence.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the basis that the Federal Bureau of Prisons (BOP) has improperly calculated his federal sentence. Specifically, Servance asserts that although the BOP originally awarded him sentence credit for 919 days previously spent confined in state custody, that figure was improperly reduced by 171 days following his transfer to another prison. As relief, Petitioner seeks sentence credit for the 171 day period. See Doc. 1, Attachment A.

Respondent has filed a "Suggestion of Mootness' indicating that this matter should be dismissed because Petitioner has recently been granted his requested relief. Doc. 9, p. 1.

### **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

2

Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Based upon the nature of Servance's pending claim that his federal criminal sentence has not been properly calculated, this matter is properly brought under § 2241.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be

extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Respondent asserts that following service of this Petition, the BOP's Designation and Sentencing Computation Center reviewed Severance's claim on April 9, 2015 and adjusted his sentence to properly reflect a 919 day credit. See Doc. 9, p. 2. According to a declaration under penalty of perjury dated April 20, 2015 by BOP Attorney Advisor Michael Figgsganter which has been submitted by the Respondent, Petitioner has now been awarded federal sentence credit for the period of previous state incarceration at issue herein.  See  Doc. 9-2, ¶ 5. Accompanying Figgsganter's declaration are copies of Petitioner's relevant BOP sentence computation records showing that as of April 9, 2015 he has been granted 919 days of prior credit time. See id. at p. 5.

Since Servance has been awarded all federal sentence credit sought by his pending action, under the principles set forth in

4

Steffel, this matter is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: MAY 6, 2015